**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**NANCY BRIGHT & CHARDAE POYNTER**

          **Plaintiffs**

**– Versus –**

**CAPITAL ONE BANK N/A**

          **Defendants**

**NUMBER:**

**JUDGE:**

**MAG:**

---

**COMPLAINT**

---

NOW INTO COURT, through undersigned counsel, comes Plaintiffs, NANCY BRIGHT AND CHARDAE POYNTER

who respectfully represents:

### I. <u>JURISDICTION AND VENUE</u>

1. Jurisdiction of this Court is invoked pursuant to UCC 4-400 et seq. This action is further instituted pursuant to the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c)(2).

### II. <u>PARTIES</u>

3. Plaintiffs herein are

    A. NANCY BRIGHT, a person of full age of majority and domiciled in the city of

Covington, Parish of Saint Tammany, State of Louisiana.

B. CHARDEA POYNTER, a person of full age of majority and domiciled in the city of Covington, Parish of Saint Tammany, State of Louisiana.

4. Defendants herein are:

    A. CAPITAL ONE BANK N/A, a foreign corporation that is authorized to do business in the State of Louisiana.

### III.  <u>FACTS</u>

5. Nancy Brightand Chardea Poynter are both persons of the full age of majority domiciled in Covington, LA.

6. On or about October 17, 2014 Defendant, Capital One was the recipient of a deposit in the amount of $144,000.00.

7. The defendant placed a hold on $94,096.00 until October 23, 2014 after initially indicating that No Hold and that funds were immediately available.

9. An employee of the defendant, Celeste Morris Jeanmarie sat down with the plaintiffs and indicated that the funds would be readily made available.

10. Plaintiff Chardea Poynter verified funds were available of at least $50,000.00 were available to withdraw on October 17, 2014.

11. Plaintiffs attempted to withdraw funds from the defendant on October 17, 2014 from the Covington Branch and the plaintiff discovered that the funds were not available.

12. Defendant subjected the plaintiffs to questions that were not directly related to the transaction and violated any reasonable expectation of customer client relationship.

13. The plaintiffs were questioned for approximately 30 minutes and denied access to their money that was needed.

14. At the time of the acts herein complained of, it was contrary to the Constitution and laws of the United States, as well of the State of Louisiana, to subject a person unlawful banking practices.

19. At the time of the acts here and complained of, Defendant knew or should have known that their actions described herein were contrary to the Constitution and laws of the United States, as well of the State of Louisiana, specifically excessive force and cruel and unusual punishment, unreasonable search or seizure, and deprivation of due process.

## IV.  STATEMENT OF THE CLAIM

20. Defendant violated the UCC 4§200 et seq. and UCC 4§300 et seq. and 4&400 et seq. 2315 and 2316 by unlawfully placing holds and not given notification of said holds at the time of deposit or after the financial institution said such deposit was to clear.

21. Defendant officers violated the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and La. Civ. Code Ann. art. 2315 by failing to prevent Mr. Smith's constitutional and statutory rights from being violated utilizing all necessary information to identify them and the contents of their vehicles. .

22. Defendants violated La. Civ. Code Ann. arts. 2315 and 2316 by injuring Plaintiffs knowingly, intentionally, recklessly, or negligently.

23. Defendants violated Plaintiff's rights under state law, including the rights to be treated fairly.

24. Defendant violated Plaintiffs' rights under 28 USC 1981 et seq.

## V.  RELIEF

WHEREFORE, Plaintiff prays that the Court:

1. Enter a declaratory judgment that the aforementioned facts and practices of Defendants are in violation of the Constitution and the laws United States of America and the State of Louisiana.

2. Enter judgment herein in favor of Plaintiff, and against Defendants, awarding them special, general, punitive and nominal damages in an amount deemed fair and equitable.

3. Enter judgment herein permanently enjoining the aforementioned policies and practices of Defendants as violations of the Constitution, the laws United States of America and the laws of the State of Louisiana and requiring Defendants to immediately take steps to remediate the aforementioned facts and customs.

4. Award Plaintiff the cost of this litigation, together with reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

RESPECTFULLY SUBMITTED,

**BICKHAM & BRUMFIELD LAW GROUP, LLC**

BY:___s/Charles E. Brumfield, Jr._____
REV. CHARLES E. BRUMFIELD, JR. (31072)
P.O. Box 2848
Hammond, LA 70112
Telephone: 985-400-2185
Facsimile: 985-222-2609
E-mail: cbrumfield@bickhambrumfield.com
Attorneys for Plaintiffs Miranda & Olivia Tillis